[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10117

Non-Argument Calendar

_____

GENARO LOTZIN,

                                                                   Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                                   Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-234-320

_____

Before ROSENBAUM, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Genaro Lotzin seeks review of the Board of Immigration Appeals' ("BIA") final order adopting and affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal. He argues that the BIA erroneously relied on *Matter of J-J-G-*, 27 I&N Dec. 808 (BIA 2020), as additional support for denying his application because *Matter of J-J-G-* did not exist at the time of the IJ's decision.

We review only the decision of the BIA, except to the extent that the BIA expressly adopted or explicitly agreed with the opinion of the IJ. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). We review the BIA's legal determinations and interpretations of statutes *de novo*. *Castillo-Arias v. U.S. Att'y Gen*, 446 F.3d 1190, 1195 (11th Cir. 2006).

The Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b), provides that the Attorney General may cancel the removal of a non-permanent resident alien if that alien, *inter alia*, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States." INA § 240A(b), 8 U.S.C. § 1229b(b).

Pursuant to INA § 242(a)(2)(B)(i), 8 U.S.C. 1252(a)(2)(B)(i), we do not have jurisdiction to review "any judgment regarding the

granting of" cancellation of removal.    INA § 242(a)(2)(B), 8 U.S.C. 1252(a)(2)(B).  However, we retain jurisdiction to review legal and constitutional questions related to cancellation of removal.  INA § 242(a)(2)(D), 8 U.S.C. 1252(a)(2)(D); *Flores-Alonso v. U.S. Att'y Gen.*, 36 F.4th 1095, 1099 (11th Cir. 2022).

Nevertheless, even when a petition for review raises a legal or constitutional claim, we lack jurisdiction to review the claim if the BIA denied relief on an alternative, independent basis that is unreviewable. *Malu v. U.S. Att'y Gen*, 764 F.3d 1282, 1290-91 (11th Cir. 2014) (noting that we could not review the otherwise-reviewable question of law because doing so would result in "an advisory opinion" that could not change the judgment because of the unreviewable alternative basis of denial).  We also lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his available administrative remedies.    INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen*, 463 F.3d 1247, 1250 (11th Cir. 2006).  A petitioner fails to exhaust his administrative remedies when he "neglect[s] to assert an error before the BIA that he latter attempts to raise before us." *Jeune v. U.S. Att'y Gen*, 810 F.3d 792, 800 (11th Cir. 2016).

In *Matter of J-J-G-*, the BIA dismissed an appeal from an IJ's denial of, *inter alia*, a cancellation of removal application on grounds that the applicant failed to show exceptional and extremely unusual hardship to qualifying relatives. *Matter of J-J-G-*, 27 I.&N. Dec. at 810-15.

Here, we lack jurisdiction to review Lotzin's petition.  The BIA's express adoption of the IJ's decision constituted an alternative, independent basis for denying Lotzin's cancellation of removal application, because the BIA first adopted the IJ's reasoning and then later concluded that *Matter of J-J-G-* provided "further support" for the denial.  Because the IJ's finding of insufficient hardship is unreviewable (and unchallenged), this Court lacks jurisdiction to review Lotzin's otherwise-reviewable legal challenge to the BIA's reliance on *Matter of J-J-G-*.  Moreover, to the extent that Lotzin argues that *Matter of J-J-G-* announced new requirements for hardship, such that it undercut the IJ's hardship finding, he failed to exhaust this argument before the BIA.  *Matter of J-J-G-* was issued a year before Lotzin filed his brief to the BIA, and if he wished to argue that *Matter of J-J-G-* changed the hardship requirements and required a remand, he could have made that argument to the BIA, but did not so do.  Accordingly, we dismiss Lotzin's petition for review.

**PETITION DISMISSED.**